UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE LUCAS ZAMORA,<br><br>    Defendant. | Case No.  CR08-36RSL<br><br>ORDER DENYING MOTION<br>FOR ALLEYNE RELIEF |

This matter comes before the Court on Defendant's "Motion for Alleyne Relief under Petition for Writ of Coram Nobis Pursuant to § 1651(A) in the Interest of Justice" (Dkt. # 135).  Having considered the facts set forth in the motion and the government's response, and remainder of the record, the Court finds as follows:

(1) Defendant contends that the Supreme Court's recent decision in Alleyne v. United States should be applied retroactively and his sentence should be reduced. See Dkt. # 135 at 4.  In Alleyne, the Supreme Court overruled its decision in Harris v. United States, 536 U.S. 545 (2002) and held that "[a]ny fact, that by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. 2151, 2155 (2013).  The Court decided the case on direct review and did not indicate that its holding should apply retroactively.  Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000) and the Supreme Court has previously determined that other rules based on Apprendi do not apply retroactively.

ORDER DENYING MOTION - 1

For those reasons, the Court concludes that the rule announced in <u>Alleyne</u> does not have retroactive effect.

(2) Even if <u>Alleyne</u> could be found to apply retroactively, it does not apply to Defendant. In this case, the indictment alleged specific drug quantities for each crime with which Defendant was charged and the jury returned a special verdict form holding Defendant responsible for specific drug quantities. Dkt. # 10, 89. The jury verdict by itself requires a mandatory minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A). The applicable guideline range for the total offense level was 262-327 months and the Court departed downward significantly and imposed a sentence of 180 months. Dkt. # 107.

(3) To the extent that Defendant argues the Court should not have approved of a two point adjustment to the base offense level for reckless endangerment during flight, <u>Alleyne</u> does not require this factor to be submitted to the jury. The two level upward adjustment altered Defendant's total offense level; it did not increase the statutory maximum or the mandatory minimum sentence.

DATED this 29th day of August, 2013.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION - 2